**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING | ) | Case No. 09-22027 |
| INDUSTRIES, INC., | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing: December 15, 2009, at 9:30 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **December 15, 2009, at 9:30 a.m.**, the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, United States Courthouse, 219 South Dearborn Street, courtroom 744, Chicago, Illinois, and then and there present the **Final Fee Application of Clifton Gunderson LLP** a copy of which is attached hereto and herewith served upon you.

Dated:  November 20, 2009         Respectfully submitted,

                                  CHAMPION MANUFACTURING INDUSTRIES,
                                  INC.

                                  /s/  Sarah H. Bryan

                                  Matthew E. McClintock (No. 6280574)
                                  Sarah H. Bryan (No. 6292467)
                                  K&L Gates LLP
                                  70 West Madison Street, Suite 3100
                                  Chicago, Illinois 60602-4207
                                  Telephone:  (312) 372-1121
                                  Facsimile:  (312) 827-8000

- 2 -

## CERTIFICATE OF SERVICE

I, Sarah H. Bryan, an attorney, do hereby certify that on November 20, 2009, I caused true and correct copies of the **Final Fee Application of Clifton Gunderson LLP** to be served upon the parties listed on the attached service list via first class U.S. mail, postage prepaid.

Dated:  November 20, 2009                                                                 /s/ Sarah H. Bryan

**Champion Manufacturing Industries, Inc.**
**Service List**

William T. Neary
Office of the United States
Trustee
Dirksen Federal Court House
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Joel A Kunin
Steven M Wallace
The Kunin Law Offices LLC
412 Missouri Avenue
East St Louis, IL 62201

Juyon A Ham
Askounis & Darcy PC
401 N Michigan Ave
Suite 550
Chicago, IL 60611

Robert D Nachman
Morgan M. Smith
Dykema Gossett PLLC
10 S. Wacker Dr.
Suite 2300
Chicago, IL 60606

Busey Bank
6699 North Sheridan
Peoria, IL 61614

American Cilco
P.O. Box 66826
Saint Louis, MO 63166

Bank of America
P.O. Box 15710
Wilmington, DE 19886

BOESER
2901 4th Street Southeast
Minneapolis, MN 55414

Clifton Gunderson
P.O. Box 1835
Peoria, IL 61656

DuroDyne
P.O. Box 9117
Bay Shore, NY 11706

Fay Electric Wire Corp.
752 North Larch Avenue
Elmhurst, IL 60126

Federated Insurance
P.O. Box 64304
Saint Paul, MN 55164

Grief Brothers
7573 Route 48 North
P.O. Box 248
Oreana, IL 62554

In-O-Vate Technologies
810 Saturn Street #21
Jupiter, FL 33477

Knowlton Manufacturing
2524 Leslie Avenue
Cincinnati, OH 45212

Majestic Steel USA
4400 Solutions Center
#774400
Chicago, IL 60677

Metal Fab Inc.
P.O. Box 3610
Wichita, KS 67201

MH Equipment Company
2235 Reliable Parkway
Chicago, IL 60686

Midland Paper
1140 Paysphere Circle
Chicago, IL 60674

Miller Container
Corporation
P.O. Box 1130
Milan, IL 61264

Nu-Way Transportation
Services, Inc.
25 Access Way
Bloomington, IL 61704

PCA
36596 Treasury Center
Chicago, Il 60694

Peoria Roofing
& Restoration Co.
309 NE Rock Island
Peoria, IL 61603

Robbins Pallets
796 S. Pearl St.
Galesburg, IL 61401

United Health Care
Dept. CH 10151
Palatine, IL 60055

E-467816 v2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING INDUSTRIES, INC., | ) ) | Case No. 09-22027 |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) ) | |
| | ) | Hearing: December 15, 2009, at 9:30 a.m. |

**FINAL FEE APPLICATION OF**
**CLIFTON GUNDERSON LLP**

The above-captioned debtor (the "*Debtor*"), on behalf of Clifton Gunderson LLP ("*Clifton*"), accountant to the Debtor, hereby submits this *Final Fee Application of Clifton Gunderson* (the "*Fee Application*"), relating to services rendered, and respectfully requests that this Court enter an order (a) awarding Clifton $3,500.00 in reasonable and necessary fees; and (b) limiting notice with respect to the relief requested herein. In support hereof, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

E-474181 v1

## BACKGROUND

3.      On June 17, 2009 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties as a debtor-in-possession.

4.      The Debtor is one of the oldest U.S. producers of factory made galvanized furnace pipe, duct, and fittings utilized in the HVAC low pressure systems industry.  It offers a complete line of products for air distribution systems which are largely distributed through a network of wholesale distributorships (accounting for approximately 80% of total sales).  The Debtor offers over 1,200 products in 4 gauge ranges of steel and several gauges of aluminum.  In addition, the Debtor also manufactures OEM parts for a number of clients.

5.      The Debtor's business operates in the residential and light commercial building industry.  The industry experienced unprecedented growth through 2005, and has been in decline for the last three years, which parallels the current housing industry.  The Debtor currently employs 31 hourly workers who belong to the Sheet Metal Workers International Union and 11 salaried employees who provide managerial and office services.

6.      While the Debtor traces its roots back to the 1860's, the current ownership bought the company in 1978.  Despite a long and impressive history of earnings, recently the Debtor has been hurt by the weak economy, a contraction in residential and commercial real estate construction, and volatility in raw material prices.

7.      On November 18, 2009, this Court entered its *Order Authorizing the Retention and Employment of Clifton Gunderson LLP as Accountants* (Docket No. 114) authorizing the Debtor to retain Clifton for the purpose of completing the Debtor's tax returns.

2

**DISCUSSION AND APPLICABLE STANDARD**

8.  Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by . . . any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.

9.  In evaluating this Fee Application, the Court should consider the issues presented, the skill required to perform the accounting services properly, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the professionals involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

10. When the Debtor filed its application to retain Clifton (Docket No. 111), it stated that, pursuant to the agreement between the parties, Clifton would charge an amount not to exceed $3,500.00 for the preparation of the Debtor's tax returns. The invoice issued by Clifton on November 13, 2009 lists a charge of $3,500.00 for the preparation of corporate federal and state income tax returns. A copy of the invoice reflecting the actual and necessary fees incurred by Clifton is attached hereto and incorporated herein as <u>Exhibit A</u>.

3

11. In performing the accounting services, Clifton provided a benefit to the estate in that it enabled the Debtor to be in compliance with the tax requirements of the Internal Revenue Service and state taxing authorities.

12. No agreement or understanding exists between Clifton and any other person for the sharing of compensation received or to be received in connection with these bankruptcy cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules of the Bankruptcy Court for the Northern District of Illinois.

## **RESERVATION OF RIGHTS**

13. Clifton and the Debtor reserve the right to correct, amend, or supplement this Fee Application.

## **REQUEST TO LIMIT NOTICE**

14. Pursuant to Bankruptcy Rule 2002(a)(6), twenty days' notice of a request for compensation shall be given to the debtor, the trustee, all creditors, and indenture trustees if that request exceeds $1,000.00.

15. The Debtor submits that notice here should be limited to (a) the Office of the United States Trustee for Region 11, Dirksen Federal Courthouse, 219 South Dearborn Street, Room 873, Chicago, Illinois 60604, Attn: Roman Sukley; (b) counsel to Regions Bank; (c) the Debtor's largest twenty unsecured creditors, as identified in its chapter 11 petition; and (d) all parties requesting service of pleadings filed in this case. Among other things, it would be burdensome and costly for the Debtor to provide notice to all creditors in this case. In light of the nature of the relief requested, and the Debtor submits that the notice provided is sufficient.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (a) allowing and authorizing payment to Clifton for $3,500.00 in reasonable and necessary fees; (b) limiting notice with respect to the relief requested herein; and (c) granting such other and further relief this Court deems just and proper.

Dated:  November 20, 2009

Respectfully submitted,

CHAMPION MANUFACTURING INDUSTRIES, INC.

/s/  Sarah H. Bryan

Matthew E. McClintock (No. 6280574)
Sarah H. Bryan (No. 6292467)
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone:  (312) 372-1121
Facsimile:  (312) 827-8000