**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING INDUSTRIES, INC., | ) ) | Case No. 09-22027 |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |

**COVER SHEET TO FINAL FEE APPLICATION OF
<u>LEGACY ADVISORS AS FINANCIAL ADVISOR TO THE DEBTOR</u>**

| | |
|---|---|
| Name of applicant: | Legacy Advisors |
| Authorized to provide professional services to: | Champion Manufacturing Industries, Inc. |
| Effective date of retention: | June 17, 2009 |
| Period for which compensation and reimbursement of expenses is sought: | June 17, 2009 through August 5, 2010 |
| Amount of Application Period compensation requested to be allowed as actual, reasonable, and necessary: | $252,970.68 |
| Amount of Application Period expenses requested to be allowed as actual, reasonable, and necessary: | $3,897.47 |
| Total amount of compensation and expense reimbursement requested by Legacy pursuant to this Application: | $256,868.15 |
| Total payments received by Legacy to date on account of services rendered and reimbursement of expenses incurred: | $95,474.97 |
| Total unpaid amount owing to Legacy: | $161,393.18 |
| This is a: | Final Fee Application |

E-484666 v1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING | ) | Case No. 09-22027 |
| INDUSTRIES, INC., | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing: September 1, 2010, at 10:00 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **September 1, 2010, at 10:00 a.m.**, the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, United States Courthouse, 219 South Dearborn Street, courtroom 744, Chicago, Illinois, and then and there present the **Final Fee Application of Legacy Advisors as Financial Advisor to the Debtor and Request to Limit and Shorten Notice** a copy of which is attached hereto and herewith served upon you.

Dated: August 23, 2010

Respectfully submitted,

Champion Manufacturing Industries, Inc.

/s/ Sarah H. Bryan

Matthew E. McClintock (No. 6280574)
Sarah H. Bryan (No. 6292467)
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

E-485141 v1

- 2 -

## CERTIFICATE OF SERVICE

I, Sarah H. Bryan, an attorney, do hereby certify that on August 23, 2010, I caused true and correct copies of the **Notice of Motion** and **Final Fee Application of Legacy Advisors as Financial Advisor to the Debtor and Request to Limit and Shorten Notice** to be served upon the parties listed on the attached service list via first class U.S. mail, postage prepaid.

Dated:  August 23, 2010                                                                     /s/ Sarah H. Bryan

**Champion Manufacturing Industries, Inc.**
**Service List**

American Cilco
P.O. Box 66826
Saint Louis, MO  63166

Bank of America
P.O. Box 15710
Wilmington, DE 19886

BOESER
2901 4th Street Southeast
Minneapolis, MN 55414

Clifton Gunderson
P.O. Box 1835
Peoria, IL 61656

DuroDyne
P.O. Box 9117
Bay Shore, NY 11706

Fay Electric Wire Corp.
752 North Larch Avenue
Elmhurst, IL 60126

Federated Insurance
P.O. Box 64304
Saint Paul, MN 55164

Grief Brothers
7573 Route 48 North
P.O. Box 248
Oreana, IL 62554

In-O-Vate Technologies
810 Saturn Street #21
Jupiter, FL 33477

Knowlton Manufacturing
2524 Leslie Avenue
Cincinnati, OH 45212

Majestic Steel USA
4400 Solutions Center
#774400
Chicago, IL 60677

Metal Fab Inc.
P.O. Box 3610
Wichita, KS 67201

MH Equipment Company
2235 Reliable Parkway
Chicago, IL 60686

Midland Paper
1140 Paysphere Circle
Chicago, IL 60674

Miller Container Corporation
P.O. Box 1130
Milan, IL 61264

Nu-Way Transportation
Services, Inc.
25 Access Way
Bloomington, IL 61704

PCA
36596 Treasury Center
Chicago, Il 60694

Peoria Roofing & Restoration
Co.
309 NE Rock Island
Peoria, IL 61603

Robbins Pallets
796 S. Pearl St.
Galesburg, IL 61401

United Health Care
Dept. CH 10151
Palatine, IL 60055

William T. Neary
Office of the United States
Trustee
Dirksen Federal Court House
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Busey Bank
6699 North Sheridan
Peoria, IL 61614

Robert D Nachman
Morgan M. Smith
Dykema Gossett PLLC
10 S. Wacker Dr.
Suite 2300
Chicago, IL 60606

Roman Sukley
Office of the U.S. Trustee
219 S Dearborn St
Room 873
Chicago, IL 60604

Joel A Kunin
Steven M Wallace
The Kunin Law Offices LLC
412 Missouri Avenue
East St Louis, IL 62201

Weltman Weinberg & Reis
Co., L.P.A.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Juyon A Ham
Askounis & Darcy PC
401 N Michigan Ave
Suite 550
Chicago, IL 60611

Majestic Steel USA, Inc.,
Manufacturing
c/o Weltman Weinberg &
Reis Co., L.P.A.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Greenfield Commercial
Credit, L.L.C.
300 East Long Lake Road
Suite 180
Bloomfield Hills, MI 48304

Myron E. Siegel
Engel & Siegel LLC
445 Sheridan Road
Suite 200
Highwood, Illinois 60040

E-481623 v1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CHAMPION MANUFACTURING ) | Case No. 09-22027 |
| INDUSTRIES, INC., ) | |
| ) | Honorable Eugene R. Wedoff |
| Debtor. ) | |
| ) | Hearing: September 1, 2010, at 10:00 a.m. |

**FINAL FEE APPLICATION OF LEGACY ADVISORS AS FINANCIAL ADVISOR TO THE DEBTOR AND REQUEST TO LIMIT AND SHORTEN NOTICE**

The above-captioned debtor (the "*Debtor*"), on behalf of Legacy Advisors ("*Legacy*"), financial advisor to the Debtor, hereby submits this *Final Fee Application of Legacy Advisors as Financial Advisor to the Debtor and Request to Limit and Shorten Notice* (the "*Application*"), relating to services rendered and expenses incurred from June 17, 2009 through August 5, 2010 (the "*Application Period*"), and in support hereof, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

The statutory predicates for the relief requested herein are sections 330, 331 and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*")

**BACKGROUND**

On June 17, 2009 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 (the "*Chapter 11 Case*") of title 11 of the Bankruptcy Code. The retention of Legacy as financial advisor to the Debtor was approved on August 11, 2009 (Docket No. 73) (the "*Retention Order*"), retroactive to the Petition Date. The Retention Order authorized Legacy to

448947/E/1

be compensated on the terms (the "*Engagement Terms*") set forth in its retention application (which incorporates by reference the terms of a December 14, 2008 engagement letter between the Debtor and Legacy, as amended by certain addendums dated May 7, 2009 and July 20, 2009) and the declaration of Ronald L. Stacey. The Engagement Terms include both an hourly and success fee component (relating to a successful sale or refinancing). Herein, Legacy seeks final approval of compensation during the Application Period in the total amount of $252,970.68 and reimbursement of $3,897.47 in expenses.

On May 27, 2010, the Debtor filed the Debtor's *Amended Plan of Reorganization* (Docket No. 188) (the "*Plan*"). On July 7, 2010, this Court entered an order (the "*Confirmation Order*") confirming the Debtors' Plan. The Plan went effective on August 5, 2010 (the "*Effective Date*"). The Plan provided for the transfer of all of the Debtor's assets to two newly-formed limited liability companies, and will result in an estimated 20% return for unsecured creditors.

## DISCUSSION

### Legal Standard

Section 330(a) the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by . . . any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, an case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 785 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

In evaluating this Application, the Court should consider the issues presented, the skill required to perform the financial services properly, the preclusion of other employment caused by Legacy's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the consultants involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

## **SERVICES PERFORMED**

In accordance with Bankruptcy Rule 2016, the Application filed has attached as exhibits invoices containing detailed chronological narratives of the time spent and the dates and descriptions of the services rendered.  In preparing this Application, Legacy calculated the amount of time spent performing actual and necessary services for the Debtor.

During the Application Period, Legacy devoted 452.3 hours to the Chapter 11 Case and, in so doing, has provided the Debtor with actual and necessary services worth a total of

$106,900.  Copies of Legacy's invoices which contain a more detailed breakdown of the time spent by Legacy are attached hereto and incorporated herein as exhibits.  They are as follows:

- Exhibit A: *June 2009  Statement of Services Rendered and Expenses Incurred*;
- Exhibit B:  *July 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit C: *August 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit D:  *September 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit E:  *October 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit F:  *November 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit G:  *December 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit H:  *January 2010 Statement of Services Rendered and Expenses Incurred*;
- Exhibit I:  *February 2010 Statement of Services Rendered and Expenses Incurred*;
- Exhibit J:  *March 2010 Statement of Services Rendered and Expenses Incurred*;
- Exhibit K:  *April 2010 Statement of Services Rendered and Expenses Incurred*;
- Exhibit L:  *May 2010 Statement of Services Rendered and Expenses Incurred*;
- Exhibit M:  *June 2010 Statement of Services Rendered and Expenses Incurred*; and
- Exhibit N: *July – August 2010 Statement of Services Rendered and Expenses Incurred.*

The hourly rates of compensation for the Legacy professionals who provided services to the Debtor during the Application Period are $200.00 for Brett Stacey and $275.00 for Ron Stacey.  Those rates are comparable to rates charged by other consultants and financial advisors having the same amount of experience and expertise for similar services.  Legacy constantly and consciously made every reasonable effort to advise the Debtor in the most economical, efficient, and practical manner possible.

In addition to the hourly compensation portion of its fees, Legacy is seeking the approval of fees in connection with the success fee structure approved by this Court in the Retention Order.  Such success fee is warranted based on the significant efforts undertaken by Legacy that ultimately resulted in the filing, confirmation, and Effective Date of the Debtors' Plan.  The success fee was calculated based on the final sale price of substantially all of the Debtors' assets, accounts receivable, and inventory.  Legacy's requested success fee structure, as set forth in

Legacy's retention application and engagement agreement, equates to Legacy being entitled to a success fee of $146,070.68. The calculation of Legacy's success fee is set forth on <u>Exhibit O</u>.

No agreement or understanding exists between Legacy and any other person for the sharing of compensation received or to be received in connection with this Chapter 11 Case, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois. Legacy previously requested and was awarded compensation in the amount of $91,577.50 and reimbursement of expenses in the amount of $3,897.47. *See Order Granting First Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor*, entered October 1, 2009 (Docket No. 95); *Order Granting Second Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor*, entered December 8, 2009 (Docket No. 124);[1] *Order Granting Third Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor*, entered February 3, 2010 (Docket No. 141);[2] *Order Granting Fourth Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor*, entered April 6, 2010 (Docket No. 170); and *Order Granting Fifth Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor*, entered June 9, 2010 (Docket No. 198).

Legacy reserves the right to correct, amend, or supplement this Application.

---

[1] The amount of fees requested in the *Second Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor* was miscalculated by $20.00. Accordingly, although Legacy was awarded the full amount of its requested fees incurred from September 1, 2009 through October 31, 2009, the amount requested in this final Application requests an additional $20.00 for Brett Stacey's fees incurred during this period. *See* <u>Exhibit D</u> and <u>Exhibit E</u>.

[2] Due to a typographical error, the amount awarded to Legacy in the *Order Granting Third Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor* was $21,877.50, when in fact it should have been $21,887.50. Legacy accordingly requests the additional $10.00 as reflected in the *Third Interim Fee Application of Legacy Advisors as Financial Advisor to the Debtor*.

A summary of the compensation requested herein broken down by professional is set forth below:

| Consultant | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|
| Ron Stacey | $275.00 | 219.2 | $60,280.00 |
| Brett Stacey | $200.00 | 233.1 | $46,620.00 |
| **TOTAL:** | | **452.3** | **$106,900.00** |
| | | | |
| Blended Rate: | | | $236.35 |

Legacy primarily spent time working with the Debtor's management to streamline and improve margins, canvassing potential purchasers for the Debtor's assets, and working on refinancing and exit proposals (including working with the Debtor's secured lender, Regions Bank, and with the Debtor's new lender, Greenfield Commercial Credit, LLC, on the deal that ultimately allowed for the confirmation and consummation of a successful plan of reorganization). Legacy also worked on the Debtor's plan of reorganization and disclosure statement and spent time discussing and negotiating the exit plan with the Debtor's major unsecured creditor. Finally, Legacy assisted the Debtor in forecasting, budgeting, planning, controlling, and other aspects of managing cash, in addition to preparing reports and otherwise complying with bankruptcy reporting requirements.

## EXPENSES INCURRED

Legacy incurred actual out of pocket expenses in the amount of $3,897.47, all of which were necessary and proper in advising the Debtor in this bankruptcy proceeding. Legacy makes no profit on the expenses requested herein, and Legacy charges its private clients for expenses in the exact manner as requested herein. The expenses are further detailed by category below:

<u>Airfare</u>: Legacy incurred airfare in the amount of $2,351.30 for traveling to visit the Debtor's facility in Illinois, for attending the Debtor's cash collateral hearing in Chicago, and

attending a meeting with Regions Bank in St. Louis. Legacy has its own airplane, and accordingly charges the lesser of $80 per hour that the plane flies or the cost of a non-stop round trip (coach) ticket on a commercial airline at or around the same time. This total includes flights on both Legacy's private plane and commercial flights.

Lodging: Legacy incurred lodging expenses in the total amount of $1,216.41 while Legacy professionals were traveling to Peoria, Chicago, or St. Louis in connection with the Chapter 11 Case.

Auto Rental/Taxi/Cab Fare: Legacy incurred vehicle rental expenses in the amount of $279.76 while Legacy professionals were working at the Debtor's Peoria facility. Legacy also incurred $50.00 in cab fare while attending the Debtor's cash collateral hearing and meeting with the Debtor's President and legal counsel.

## REQUEST TO SHORTEN AND LIMIT NOTICE

Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of a request for compensation shall be given to the debtor, the trustee, all creditors, and indenture trustees if that request exceeds $1,000.00. The Debtor submits that notice here should be limited to (a) the Office of the United States Trustee for Region 11, Dirksen Federal Courthouse, 219 South Dearborn Street, Room 873, Chicago, Illinois 60604, Attn: Roman Sukley; (b) counsel to Regions Bank; (c) the Debtor's largest twenty unsecured creditors, as identified in its chapter 11 petition; and (d) all parties requesting service of pleadings filed in this case. Under the circumstances here, no further notice of the relief requested herein should be required in light of the fact that the Debtor's creditors will not be harmed by the relief requested herein as they will receive the amounts set forth in the Plan, and will not be affected by the amounts requested in

this Application.  Thus, it would be burdensome and costly for the Debtor to provide notice to all creditors in this case.

Similarly, no parties will be harmed by shortening the notice period to nine days.  All that is left to do in these cases is for the Debtor's counsel, K&L Gates LLP, to file a final fee application and a motion for a final decree closing this chapter 11 case.  Ultimately, the Debtor hopes to resolve all open issues as soon as possible and close these bankruptcy cases.

In light of the nature of the relief requested, the Debtors submit that the notice requested and provided is sufficient.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(a) allowing and authorizing payment to Legacy for $106,900.00 in reasonable and necessary fees for the period of June 17, 2009 through August 5, 2010;

(b) allowing and authorizing payment to Legacy for $146,070.68 as a success fee in connection with the sale of substantially all of the Debtor's assets, and the Debtor is authorized to pay such amount;

(c) allowing and authorizing payment to Legacy for $3,897.47 in actual expenses for the period from June 17, 2009 through August 5, 2010; and

(d) granting such other and further relief as this Court deems just and proper.

Dated: August 23, 2010

Respectfully submitted,

Champion Manufacturing Industries, Inc.

/s/ Sarah H. Bryan

Matthew E. McClintock (No. 6280574)
Sarah H. Bryan (No. 6292467)
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000