**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING | ) | Case No. 09-22027 |
| INDUSTRIES, INC., | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: Sept. 22, 2010 at 10:00 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 22, 2010, at 10:00 a.m., the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, United States Courthouse, 219 South Dearborn Street, courtroom 744, Chicago, Illinois, and then and there present the **Motion for Final Decree Closing Chapter 11 Case and Limiting Notice** a copy of which is attached hereto and herewith served upon you.

Dated: September 14, 2010                Respectfully submitted,

                                         CHAMPION MANUFACTURING INDUSTRIES, INC.

                                         /s/  Matthew E. McClintock

                                         Matthew E. McClintock (No. 6280574)
                                         Sarah H. Bryan (No. 6292467)
                                         K&L Gates LLP
                                         70 West Madison Street, Suite 3100
                                         Chicago, Illinois 60602-4207
                                         Telephone:  (312) 372-1121
                                         Facsimile:  (312) 827-8000

E-486003 v1

- 2 -

## CERTIFICATE OF SERVICE

I, Matthew E. McClintock, an attorney, do hereby certify that on September 14, 2010, I caused true and correct copies of the **Notice of Motion** and **Motion for Final Decree Closing Chapter 11 Case and Limiting Notice** to be served upon the parties listed on the attached service list via first class U.S. mail, postage pre-paid.

Dated:  September 14, 2010                             /s/ Matthew E. McClintock

**Champion Manufacturing Industries, Inc.**
**Service List**

American Cilco
P.O. Box 66826
Saint Louis, MO 63166

Bank of America
P.O. Box 15710
Wilmington, DE 19886

BOESER
2901 4th Street Southeast
Minneapolis, MN 55414

Clifton Gunderson
P.O. Box 1835
Peoria, IL 61656

DuroDyne
P.O. Box 9117
Bay Shore, NY 11706

Fay Electric Wire Corp.
752 North Larch Avenue
Elmhurst, IL 60126

Federated Insurance
P.O. Box 64304
Saint Paul, MN 55164

Grief Brothers
7573 Route 48 North
P.O. Box 248
Oreana, IL 62554

In-O-Vate Technologies
810 Saturn Street #21
Jupiter, FL 33477

Knowlton Manufacturing
2524 Leslie Avenue
Cincinnati, OH 45212

Majestic Steel USA
4400 Solutions Center
#774400
Chicago, IL 60677

Metal Fab Inc.
P.O. Box 3610
Wichita, KS 67201

MH Equipment Company
2235 Reliable Parkway
Chicago, IL 60686

Midland Paper
1140 Paysphere Circle
Chicago, IL 60674

Miller Container Corporation
P.O. Box 1130
Milan, IL 61264

Nu-Way Transportation
Services, Inc.
25 Access Way
Bloomington, IL 61704

PCA
36596 Treasury Center
Chicago, Il 60694

Peoria Roofing & Restoration
Co.
309 NE Rock Island
Peoria, IL 61603

Robbins Pallets
796 S. Pearl St.
Galesburg, IL 61401

United Health Care
Dept. CH 10151
Palatine, IL 60055

William T. Neary
Office of the United States
Trustee
Dirksen Federal Court House
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Busey Bank
6699 North Sheridan
Peoria, IL 61614

Robert D Nachman
Morgan M. Smith
Dykema Gossett PLLC
10 S. Wacker Dr.
Suite 2300
Chicago, IL 60606

Roman Sukley
Office of the U.S. Trustee
219 S Dearborn St
Room 873
Chicago, IL 60604

Joel A Kunin
Steven M Wallace
The Kunin Law Offices LLC
412 Missouri Avenue
East St Louis, IL 62201

Weltman Weinberg & Reis
Co., L.P.A.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Juyon A Ham
Askounis & Darcy PC
401 N Michigan Ave
Suite 550
Chicago, IL 60611

Majestic Steel USA, Inc.,
Manufacturing
c/o Weltman Weinberg &
Reis Co., L.P.A.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Greenfield Commercial
Credit, L.L.C.
300 East Long Lake Road
Suite 180
Bloomfield Hills, MI 48304

Myron E. Siegel
Engel & Siegel LLC
445 Sheridan Road
Suite 200
Highwood, Illinois 60040

E-481623 v1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING INDUSTRIES, INC., | ) ) | Case No. 09-22027 |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) ) | |
| | ) | Hearing Date: Sept. 22, 2010 at 10:00 a.m. |

**MOTION FOR FINAL DECREE CLOSING CHAPTER 11 CASE AND LIMITING NOTICE**

The above-captioned debtor (the "*Debtor*"), CMI Champion LLC, and CMI Champion Real Estate LLC (collectively, the "*Movants*") hereby move the Court (the "*Motion*") to enter a final decree closing the chapter 11 case of the Debtor and, in connection therewith, limiting the notice required under Local Rule 3022-1. In support hereof, the Movants respectfully state as follows:

**PLAN CONSUMMATION AND STATUS OF PAYMENTS**

1. On June 17, 2009 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*").

2. On May 27, 2010, the Debtor filed the *Debtors' Amended Plan of Reorganization* (Docket No. 188) (the "*Plan*").[1] On July 7, 2010, this Court entered an order (the "*Confirmation Order*") confirming the Debtor's Plan. The Plan went effective on August 5, 2010 (the "*Effective Date*"). In connection with the consummation of the Plan, the following events, among others, have occurred:[2]

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

[2] There are six classes of claims and interests under the Plan. The Debtors do not believe there are any Other Secured Claims (Class 3). Equity Interests (Class 6) were eliminated under the Plan.

1

E-484760 v1

- The principal of the Movants funded the New Value Infusion to the Reorganized Debtor.

- The New Loan has closed and funded.

- $571,000 was applied to the Regions Bank Business Line Claim.

- CMI Real Estate LLC has assumed the Regions Real Estate Loan and has executed and recorded appropriate documentation relating thereto.

- The New Equipment Note has been issued.

- The Debtors' assets have been transferred to CMI Champion LLC and CMI Real Estate LLC and those companies are operating in the ordinary course.

- The Other Priority Claims have been paid in full.

- CMI Champion LLC has executed the Subordinated Note issued for the benefit of the Debtor's general Unsecured Claims (Class 5) and the first quarterly payment required under such note will be made in accordance with the Plan on October 1, 2011. Quarterly payments under such notes continue until July 1, 2016.

- The Principal has executed the Note Guaranty per the terms of the Majestic Settlement.

3. The only material matter pending in this Chapter 11 Case is the final fee application (collectively, the "*Fee Application*") of counsel to the Debtor, which the Debtor is requesting that the Court consider on September 22, 2010, the same date that the Court shall consider this Motion.

4. All fees due under 28 U.S.C. §1930 shall be paid on or before the hearing on this Motion.

2

E-484760 v1

## RELIEF REQUESTED

5.  By this Motion, the Movants request that this Court enter a final decree and order closing the Chapter 11 Case, and limiting the notice required under Local Rule 3022-1

## APPLICABLE AUTHORITY

6.  The transactions contemplated under the Plan have been consummated. With the exception of the Fee Application which are set for the same hearing as this Motion, there are no unresolved matters in this Chapter 11 Case pending before this Court. Accordingly, it is appropriate to close the Chapter 11 Case at this time.

7.  Section 350(a) of the Bankruptcy Code provides that after an estate is fully administered "the court shall close the case." Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

8.  The concept of "fully administered" means "the point when the estate reaches substantial consummation as defined by Section 1101(2) of the bankruptcy code." *In re Wade*, 991 F.2d 402, 407, n. 2 (7th Cir. 1992). Section 1101(2) of the Bankruptcy Code provides that:

> (2) "substantial consummation" means:
>
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11 U.S.C. § 1102(2).

9.  In addition, courts have directed that the following events should be considered when determining if an estate has been fully administered: (i) when the order confirming the plan

3

has become final; (ii) when deposits have been distributed; (iii) when payments under the plan have been commenced; and (iv) when all motions, contested matters, and adversary proceedings have been resolved. *See In re Xpedior Inc.*, 354 B.R. 210, 219 (Bankr. N.D. Ill. 2006).

10. As set forth above, the transactions contemplated under the Plan have been consummated and CMI Champion LLC will begin making payments on the Subordinated Note when they become due. The Movants believe that the Fee Application should be easily resolved at the hearing on this Motion. Additionally, all fees owed to the Office of the United States Trustee have been timely paid to date and, prior to the hearing on this Motion, the Movants intend to make the required quarterly fee payment for the third quarter of 2010 to the Office of the United States Trustee.

11. For the reasons described above, the Movants submit that the Debtor's estate has been fully administered, and, accordingly, they are entitled to the entry of a final decree closing the Chapter 11 Case.

## REQUEST TO LIMIT NOTICE

12. Rule 3022-1 of the Local Rules provides, in part:

> Unless the court orders otherwise, debtors or other parties in interest moving after chapter 11 plan confirmation either to close the case or enter a final decree shall (1) give notice of such motion to the United States Trustee, any chapter 11 trustee, and all creditors, and (2) state within the notice or motion the actual status of all payments due to each class under the confirmed plan.

13. Notice of this Motion has been given via this Court's ECF system to: (a) the United States Trustee; and (b) all parties requesting service of pleadings in this Chapter 11 Case. In light of the fact that all creditors have received notice of the Plan and its effectiveness, the benefit of providing notice of this Motion to all creditors is outweighed by the cost and time involved with serving such notice.

4

E-484760 v1

**WHEREFORE**, the Movants respectfully request that the Court enter a final decree and order closing the Chapter 11 Cases and limiting the notice required under Local Rule 3022-1.

Dated: September 14, 2010

Respectfully submitted,

CHAMPION MANUFACTURING INDUSTRIES, INC.

/s/ Matthew E. McClintock

Matthew E. McClintock (No. 6280574)
Sarah H. Bryan (No. 6292467)
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

5

E-484760 v1