**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING INDUSTRIES, INC., | ) ) | Case No. 09-22027 |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) ) | |

**COVER SHEET TO FINAL FEE APPLICATION OF**
**K&L GATES LLP AS COUNSEL TO THE DEBTOR AND**
**REQUEST TO APPLY RETAINER AND LIMIT NOTICE**

| | |
|---|---|
| Name of applicant: | K&L GATES LLP |
| Authorized to provide professional services to: | The Debtor |
| Effective date of retention: | June 17, 2009 |
| Period for which compensation and reimbursement of expenses is sought: | June 17, 2009 through August 5, 2010 |
| Amount of Application Period compensation requested to be allowed as actual, reasonable, and necessary: | $256,333.00[1] |
| Amount of Application Period expenses requested to be allowed as actual, reasonable, and necessary: | $12,965.91[2] |
| Total amount of compensation and expense reimbursement requested by K&L Gates pursuant to this Application: | $84,954.36 |
| Total payments received by K&L Gates to date on account of services rendered and reimbursement of expenses incurred: | $184,344.55 |
| Total retainer being held by K&L Gates:[3] | $0.00 |

---

[1]    This total represents $265,127.00 (the total value of the services provided by K&L Gates professionals during the application period) less $8,174,00 (the amount of fee reductions set forth in prior orders of this Court granting prior interim fee applications).

[2]    This total represents $13,664.94 (the total amount of actual expenses incurred by K&L Gates during the application period) less $699.03 (the amount of expense reductions set forth in prior orders of this Court granting prior interim fee applications).

[3]    As of the date of filing this Application, K&L Gates is holding $126,260.17 in a fee escrow for the benefit of all of the Debtor's professionals.

448947/E/1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAMPION MANUFACTURING | ) | Case No. 09-22027 |
| INDUSTRIES, INC., | ) | |
| | ) | Honorable Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: Sept. 22, 2010 at 10:00 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on September 22, 2010, at 10:00 a.m., the undersigned shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the courtroom usually occupied by him, United States Courthouse, 219 South Dearborn Street, courtroom 744, Chicago, Illinois, and then and there present the **Final Fee Application of K&L Gates LLP as Counsel to the Debtor and Request to Limit Notice and Shorten Notice** a copy of which is attached hereto and herewith served upon you.

Dated: September 14, 2010

Respectfully submitted,

CHAMPION MANUFACTURING INDUSTRIES, INC.

/s/ Matthew E. McClintock

Matthew E. McClintock (No. 6280574)
Sarah H. Bryan (No. 6292467)
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

E-486022 v1

- 2 -

## CERTIFICATE OF SERVICE

I, Matthew E. McClintock, an attorney, do hereby certify that on September 14, 2010, I caused true and correct copies of the **Notice of Motion** and **Final Fee Application of K&L Gates LLP as Counsel to the Debtor and Request to Limit Notice and Shorten Notice** to be served upon the parties listed on the attached service list via first class U.S. mail, postage pre-paid.

Dated:  September 14, 2010                    /s/ Matthew E. McClintock

**Champion Manufacturing Industries, Inc.**
**Service List**

American Cilco
P.O. Box 66826
Saint Louis, MO 63166

Bank of America
P.O. Box 15710
Wilmington, DE 19886

BOESER
2901 4th Street Southeast
Minneapolis, MN 55414

Clifton Gunderson
P.O. Box 1835
Peoria, IL 61656

DuroDyne
P.O. Box 9117
Bay Shore, NY 11706

Fay Electric Wire Corp.
752 North Larch Avenue
Elmhurst, IL 60126

Federated Insurance
P.O. Box 64304
Saint Paul, MN 55164

Grief Brothers
7573 Route 48 North
P.O. Box 248
Oreana, IL 62554

In-O-Vate Technologies
810 Saturn Street #21
Jupiter, FL 33477

Knowlton Manufacturing
2524 Leslie Avenue
Cincinnati, OH 45212

Majestic Steel USA
4400 Solutions Center
#774400
Chicago, IL 60677

Metal Fab Inc.
P.O. Box 3610
Wichita, KS 67201

MH Equipment Company
2235 Reliable Parkway
Chicago, IL 60686

Midland Paper
1140 Paysphere Circle
Chicago, IL 60674

Miller Container Corporation
P.O. Box 1130
Milan, IL 61264

Nu-Way Transportation
Services, Inc.
25 Access Way
Bloomington, IL 61704

PCA
36596 Treasury Center
Chicago, Il 60694

Peoria Roofing & Restoration
Co.
309 NE Rock Island
Peoria, IL 61603

Robbins Pallets
796 S. Pearl St.
Galesburg, IL 61401

United Health Care
Dept. CH 10151
Palatine, IL 60055

William T. Neary
Office of the United States
Trustee
Dirksen Federal Court House
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Busey Bank
6699 North Sheridan
Peoria, IL 61614

Robert D Nachman
Morgan M. Smith
Dykema Gossett PLLC
10 S. Wacker Dr.
Suite 2300
Chicago, IL 60606

Roman Sukley
Office of the U.S. Trustee
219 S Dearborn St
Room 873
Chicago, IL 60604

Joel A Kunin
Steven M Wallace
The Kunin Law Offices LLC
412 Missouri Avenue
East St Louis, IL 62201

Weltman Weinberg & Reis
Co., L.P.A.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Juyon A Ham
Askounis & Darcy PC
401 N Michigan Ave
Suite 550
Chicago, IL 60611

Majestic Steel USA, Inc.,
Manufacturing
c/o Weltman Weinberg &
Reis Co., L.P.A.
323 W. Lakeside Ave.
Suite 200
Cleveland, OH 44113

Greenfield Commercial
Credit, L.L.C.
300 East Long Lake Road
Suite 180
Bloomfield Hills, MI 48304

Myron E. Siegel
Engel & Siegel LLC
445 Sheridan Road
Suite 200
Highwood, Illinois 60040

E-481623 v1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CHAMPION MANUFACTURING ) | Case No. 09-22027 |
| INDUSTRIES, INC., ) | |
| ) | Honorable Eugene R. Wedoff |
| Debtor. ) | |
| ) | Hearing Date: Sept. 22, 2010 at 10:00 a.m. |

**FINAL FEE APPLICATION OF K&L GATES LLP AS COUNSEL TO THE**
**DEBTOR AND REQUEST TO LIMIT AND SHORTEN NOTICE**

K&L Gates LLP ("*K&L Gates*"), counsel to the above-captioned debtor (the "*Debtor*"), hereby submits this *Final Fee Application of K&L Gates LLP as Counsel to the Debtor* (the "*Application*"), relating to services rendered and expenses incurred from June 17, 2009 through August 5, 2010 (the "*Application Period*"), and in support hereof, K&L Gates respectfully states as follows:

**JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

**BACKGROUND**

On June 17, 2009 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "*Chapter 11 Case*"). The retention of K&L Gates as counsel to the Debtor was approved on August 4, 2009 (Docket No. 67), retroactive to the Petition Date.

E-484020 v2

On November 23, 2009, K&L Gates filed its *First Interim Fee Application of K&L Gates LLP as Counsel to the Debtor and Request to Apply Retainer* (Docket No. 118) (the "*First Interim Application*") requesting that this Court enter an order allowing K&L Gates $103,584.00 in reasonable and necessary fees and $4,103.91 in actual expenses for the period of June 17, 2009 through October 31, 2009. This Court entered an order approving the First Interim Application on December 15, 2009 (Docket No. 127) allowing K&L Gates $98,310.00 in reasonable and necessary fees and reimbursement of expenses in the amount of $4,103.91.

On March 15, 2010, K&L Gates filed its *Second Interim Fee Application of K&L Gates LLP as Counsel to the Debtor and Request to Apply Retainer and Limit Notice* (Docket No. 158) (the "*Second Interim Application*") requesting that this Court enter an order allowing K&L Gates $29,621.00 in reasonable and necessary fees and $4,430.71 in actual expenses for the period of November 1, 2009 through January 31, 2010. This Court entered an order approving the Second Interim Application on April 6, 2010 (Docket No. 168) allowing K&L Gates $27,735.00 in reasonable and necessary fees and reimbursement of expenses in the amount of $4,430.71.

On May 18, 2010, K&L Gates filed its *Third Interim Fee Application of K&L Gates LLP as Counsel to the Debtor and Request to Apply Retainer and Limit Notice* (Docket No. 183) (the "*Third Interim Application*") requesting that this court enter an order allowing K&L Gates $50,105.00 in reasonable and necessary fees and $1,992.96 in actual expenses for the period of February 1, 2009 through April 30, 2010. This Court entered an order approving the Third Interim Application on June 9, 2010 (Docket No. 197) allowing K&L Gates $48,471.00 in reasonable and necessary fees and reimbursement of expenses in the amount of $1,293.93.

Thus, for from the Petition Date through April 30, 2010, K&L Gates has requested a total of $183,310.00 in reasonable and necessary fees and $10,527.58 in actual expenses, and the Court has awarded to K&L Gates $174,516.00 in fees and $9.828.55 in expenses, representing

an aggregate reduction of $8,794.00 in fees and $699.03 in expenses from the total amounts requested.

On May 27, 2010, the Debtors filed the *Debtors' Amended Plan of Reorganization* (Docket No. 188) (the "*Plan*"). On July 7, 2010, this Court entered an order (the "*Confirmation Order*") confirming the Debtors' Plan. The Plan was effective on August 5, 2010 (the "*Effective Date*").

## **DISCUSSION**

### **Legal Standard**

Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate

> rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, Westlaw). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

In evaluating the Application, this Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by K&L Gates's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained,

the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

## **SERVICES PERFORMED**

K&L Gates's hourly rates of compensation for attorneys and paraprofessionals during the 2009 calendar year ranged from $55 to $900 (however, no professional with a 2009 hourly rate in excess of $625.00 has performed services herein).  For the 2010 calendar year, hourly rates of compensation for attorneys and paraprofessionals range from $65 to $990 (however, no professional with a 2010 hourly rate in excess of $660.00 has performed services herein).  Those rates are comparable to rates charged by other legal professionals having the same amount of experience and expertise for similar services.  K&L Gates constantly and consciously made every reasonable effort to advise the Debtor in the most economical, efficient, and practical manner possible.

As discussed above, K&L Gates has already filed three interim fee applications detailing the services rendered and actual and necessary expenses incurred from the Petition Date through April 30, 2010.  For May 1, 2010 through August 5, 2010, K&L Gates seeks approval and allowance of compensation in the amount of $81,817.00 and reimbursement of expenses in the amount $3,137.36, for a total of $84,954.36.  Monthly statements detailing the services rendered and actual and necessary expenses incurred by K&L Gates during May, June, July, and August 1-5, 2010 are attached hereto and incorporated herein as follows:

- Exhibit A:  May 2010 Statement of Services Rendered and Expenses Incurred;
- Exhibit B:  June 2010 Statement of Services Rendered and Expenses Incurred;
- Exhibit C:  July 2010 Statement of Services Rendered and Expenses Incurred; and
- Exhibit D:  August 1-5, 2010 Statement of Services Rendered and Expenses Incurred.

In accordance with Bankruptcy Rule 2016, the Application filed has attached as exhibits: (i) invoices containing detailed chronological narratives of the time spent and the dates and descriptions of the services rendered; and (ii) a summary and detailed listing of each disbursement incurred during the applicable Application Period.

In preparing this Application, K&L Gates calculated the amount of time spent by each attorney and paralegal performing actual and necessary legal services on behalf of the Debtors. The data came directly from computer records that are kept for each of K&L Gates's clients and are generated by time entries recorded by each K&L Gates billable timekeeper. These entries are reported to the firm's computer which produced the time records for the Application.

No agreement or understanding exists between K&L Gates and any other person for the sharing of compensation received or to be received in connection with these chapter 11 cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules. K&L Gates reserves the right to correct, amend, or supplement this Fee Application.

A summary of the compensation requested herein broken down by professional is set forth below:

**Serviced Rendered in 2009 During the Application Period**

| Timekeeper | Title | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Paul T. Metzger | Partner | 1976 | $625.00 | 1.9 | $1,187.50 |
| James P. Daley | Partner | 1974 | $590.00 | 0.3 | $177.00 |
| Robert V. Shannon | Partner | 1977 | $550.00 | 16.3 | $8,965.00 |
| Harley J. Goldstein | Partner | 1998 | $550.00 | 14.3 | $7,865.00 |
| James E. Morgan | Partner | 1993 | $525.00 | 1.3 | $682.50 |
| Bonita L. Hatchett | Partner | 1996 | $450.00 | 0.5 | $225.00 |
| Sven T. Nylen | Associate | 2002 | $350.00 | 1.6 | $560.00 |
| Matthew E. McClintock | Associate | 2003 | $350.00 | 155.8 | $54,530.00 |
| John P. Schreiner | Associate | 2005 | $305.00 | 5.2 | $1,586.00 |
| Sarah H. Bryan | Associate | 2007 | $270.00 | 127.8 | $34,506.00 |
| Jeffrey M. Heller | Associate | 2007 | $270.00 | 9.6 | $2,592.00 |
| Laura A. Newcomer | Summer Associate | N/A | $200.00 | 3.7 | $740.00 |
| Teresa Gomez | Paraprofessional | N/A | $180.00 | 55.5 | $9,990.00 |
| Celeste L. Clayton | Paraprofessional | N/A | $180.00 | 1.5 | $270.00 |
| **TOTAL** | | | | **395.3** | **$123,876.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$313.37** |

448947/E/1

7

**Services Rendered in January – April 2010 During the Application Period**

| Timekeeper | Title | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Paul T. Metzger | Partner | 1976 | $660.00 | 1.2 | $792.00 |
| Harley J. Goldstein | Partner | 1998 | $580.00 | 0.5 | $290.00 |
| Sven T. Nylen | Associate | 2002 | $370.00 | 3.9 | $1,443.00 |
| Matthew E. McClintock | Associate | 2003 | $370.00 | 81.3 | $30,081.00 |
| Sarah H. Bryan | Associate | 2007 | $285.00 | 79.2 | $22,572.00 |
| Jeffrey M. Heller | Associate | 2007 | $285.00 | 2.6 | $741.00 |
| Teresa Gomez | Paraprofessional | N/A | $190.00 | 18.5 | $3,515.00 |
| **TOTAL** | | | | **187.2** | **$59,434.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$317.49** |

**Services Rendered from May 1, 2010 – August 5, 2010 During the Application Period**

| Timekeeper | Title | Year of Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harley J. Goldstein | Partner | 1998 | $580.00 | 4.5 | $2.610.00 |
| Sven T. Nylen | Associate | 2002 | $370.00 | 5.3 | $1.961.00 |
| Matthew E. McClintock | Associate | 2003 | $370.00 | 90.1 | $33,337.00 |
| Matthew E. McClintock | Associate | 2003 | $385.00 | 15.4 | $5,929.00 |
| John P. Schreiner | Associate | 2006 | $325.00 | 7.6 | $2,470.00 |
| Sarah H. Bryan | Associate | 2007 | $300.00 | 1.2 | $360.00 |
| Sarah H. Bryan | Associate | 2007 | $285.00 | 53.0 | $15,105.00 |
| Blake F. Hanson | Associate | 2008 | $285.00 | 56.1 | $15,988.50 |
| Jeffrey M. Heller | Associate | 2007 | $285.00 | 3.0 | $855.00 |
| Patrina Jones | Paraprofessional | N/A | $230.00 | 7.4 | $1,702.00 |
| Teresa Gomez | Paraprofessional | N/A | $190.00 | 7.6 | $1,444.00 |
| Danita L. Swider | Paraprofessional | N.A | $185.00 | 0.3 | $55.50 |
| **TOTAL** | | | | **251.5** | **81,817.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$325.32** |

448947/E/1                                              8

**Services Rendered During the Application Period**

During the Application Period, K&L Gates devoted 834 hours to representing the Debtors with respect to categories "A" through "L" below and, in dosing so, has provided the Debtors with actual and necessary legal services worth a total of $265,127.00, and has incurred actual and necessary expenses totaling $13,664.94. Below, this Application sets forth in detail, and broken down by activity, the work performed by K&L Gates and the time spent during the Application Period:

| | | |
|---|---|---:|
| A. | **Case Administration** | **$28,062.00** |

K&L Gates spent 104.6 hours at a cost of $28,062.00 on general case administration matters. This category primarily includes time spent performing necessary case administration tasks (including maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents), reviewing incoming pleadings, correspondence, and notices, and corresponding with parties in interest concerning general case matters. This category may also include matters which encompass more than one other discrete category.

| | | |
|---|---|---:|
| B. | **Schedules, Statements, and Reports** | **$10,596.00** |

K&L Gates spent **38.2** hours at a cost of **$10,596.00** working on the Debtor's schedules, statements of financial affairs, and monthly operating reports. This time was spent gathering and analyzing financial and operating information contained in the Debtor's books and records, preparing the schedules and statements, and reviewing and filing monthly operating reports.

| | | |
|---|---|---:|
| C. | **K&L Gates Retention and Fee Applications** | **$12,192.50** |

K&L Gates spent **43.6** hours at a cost of **$12,192.50** on K&L Gates retention and fee application issues. This category primarily includes time spent working on K&L Gates's retention application, reviewing and preparing the exhibits to the interim fee applications and this Application to ensure compliance with the necessary detail requirements and protection of

privilege, drafting K&L Gates's fee applications, and preparing for and attending the hearings thereon.

**D.    Other Professionals Retention and Fee Applications        $14,260.00**

K&L Gates spent **52.4** hours at a cost of **$14,260.00** on other professionals retention and fee application issues.  This category includes time spent working on retention and fee applications of the Debtor's other professionals, and attending hearings thereon, including (i) the Debtor's financial advisor, Legacy Advisors; (ii) the Debtors' real and personal property appraisers, Klopfenstein & Associates and Perfection Plant Liquidators, and (iii) the Debtor's accountant, Clifton Gunderson.

**E.    Cash Collateral, Financing, and Secured Creditors         $48,746.50**

K&L Gates spent **128.3** hours at a cost of **$48,746.50** on cash collateral and secured lender issues.  This matter primarily includes time spent negotiating the terms of continued cash collateral use with the Debtor's secured lenders, drafting cash collateral motions and proposed orders (and addressing the secured lender's initial objection to continued cash collateral use and preparing for a possible evidentiary hearing regarding same), preparing for and attending hearings on the motions to use cash collateral, and analyzing loan documents and budget issues. This matter also includes time spent formulating strategy and addressing issues with respect to exit financing and in discussions with potential exit lenders.

**F.    Inquiries                                                  $420.00**

K&L Gates spent **1.2** hours at a cost of **$420.00** responding to inquiries from creditors.

**G.    Customers, Vendors, and Operations                        $4,451.00**

K&L Gates spent **13.7** hours at a cost of **$4,451.00** addressing employee wage and benefit issues, utility issues, vendor payable issues, and inquiries regarding the Debtor's tax returns.

| | | |
|---|---|---:|
| H. | **Litigation and Avoidance Actions** | **$4,933.00** |

K&L Gates spent **18.1** hours at a cost of **$4,933.00** on litigation issues. This category primarily includes time spent (i) addressing the Debtor's pending state court litigation; (ii) the dismissal of the Majestic Steel adversary before this Court; (iii) filing an adversary proceeding pursuant to which the Debtor succeeded in extending the automatic stay to the Debtor's principal, Michael Lax; and (iv) addressing issues related to a creditor lifting the automatic stay to proceed against the Debtor's insurance proceeds.

| | | |
|---|---|---:|
| I. | **Plan/Disclosure Statement** | **$56,858.00** |

K&L Gates spent **198.4** hours at a cost of **$56,858.00** working on and the Debtor's exit strategy and plan of reorganization, including corresponding with parties in interest regarding plan formulation and overall strategy, working with Legacy Advisors regarding financial projections and capabilities, discussing proposed exit strategies with major constituencies in the case, and conferring with the Debtor's principals regarding plan and sale negotiations. This category also includes time spent drafting, revising, and finalizing the Debtor's plan of reorganization and disclosure statement, and working with the Debtor's and their professionals regarding the same. Finally, substantial time was spent on legal issues necessary to allow the Plan to go effective, including, without limitation, preparing, reviewing, and negotiating multiple sets of loan documents for the Debtor's new lenders, forming new corporations and otherwise undertaking the corporate tasks needed for Plan effectiveness, and transferring the Debtor's real property assets and addressing related issues.

| | | |
|---|---|---:|
| J. | **Asset Sales** | **$14,530.50** |

K&L Gates spent **17.8** hours at a cost of **$14,530.50** on matters relating to a potential sale of the Debtor's assets.

**K.**     **Claims**                                                                           **$2,520.00**

K&L Gates spent **8.5** hours at a cost of **$2,520.00** on matters relating to a claims against the Debtor.  This includes time spent drafting, filing, and serving a motion to establish a bar date and addressing issues related to tax, reclamation, and other claims against the Debtor's property.

**L.**     **Executory Contracts and Leases**                                 **$4,904.00**

K&L Gates spent **18.8** hours at a cost of **$4,904.00** on matters associated with the Debtor's executory contracts and unexpired leases.  This includes time spent on (i) the Debtor's termination of the non-compete agreement with Fred Denney, a former employee, including drafting a motion to reject the agreement, discussions with Mr. Denney's counsel, and preparing for and attending hearings on this matter; and (ii) addressing the motion of NMHG to compel the Debtor to assume or reject its lease including investigating payment of the leases, responding to the motion, corresponding with NMHG's counsel regarding a stipulation between the parties, and preparing for and attending a hearing on same.

## EXPENSES INCURRED

K&L Gates incurred actual out of pocket expenses in the amount of $13,664.94 during the Application Period, all of which were necessary for the proper representation of the Debtor in this bankruptcy proceeding.  K&L Gates charges its private clients for expenses in the exact manner as requested herein.  The expenses are further detailed by category below:

Photocopying:  K&L Gates incurred in-house copying and printing charges in the amount of $5,658.16.  K&L Gates maintains a record of in-house copies through a computerized system.  This procedure requires an operator to key in a client's code number on a keypad attached to the copier.  These charges were primarily incurred in serving pleadings.

Facsimile:  K&L Gates incurred $11.25 in facsimile charges.

Telephone:  K&l Gates incurred $108.20 in long distance telephone charges.

Courier Charges:  K&L Gates incurred expenses in the amount of $46.04 in connection with courier expenses to provide certain materials to parties in interest in a timely manner.

Meals:  K&L Gates incurred actual out-of-pocket expenses in the amount of $57.48 for a working lunch with the Debtor's principal and Legacy Advisors when the parties were discussing exit strategy issues.

Postage:   K&L Gates incurred postage expenses in the amount of $1,166.07 in connection with service of pleadings by the Debtor, including service of fee applications, the claims bar date notice, the Plan and disclosure statement, and the confirmation order.

Legal Research:  K&L Gates incurred $3,978.82 in connection with conducting legal research on Lexis and Westlaw.

Travel Expenses:  K&L Gates incurred $399.92 in travel expenses which were incurred when counsel for the Debtor traveled from Chicago to St. Louis to meet with the Regions Bank, the Debtors' senior secured lender, regarding the Debtor's exit strategy.

Filing Fees:  K&L Gates incurred $2,239.00 in charges relating to filing fees.  This includes $1,039 in fees incurred for filing the debtor's bankruptcy case and $1,200 in filing fees related to forming limited liability companies needed for the Debtor's Plan to go effective.

## BENEFIT TO THE ESTATE

On behalf of the Debtor, and in furtherance of Debtor's duties pursuant to the Bankruptcy Code, K&L Gates took all necessary steps to advance the interests of the Debtor. K&L Gates has been involved in all aspects of this chapter 11 case and ensured that the interests of the Debtor and its bankruptcy estate have been protected throughout.

As set forth in greater detail above in the discussion of fees spent on the Debtor's Plan and disclosure statement, K&L Gates prepared, confirmed, and effectuated a plan of reorganization that provides unsecured creditors with a 20% recovery in a case where they would have received nothing in a liquidation scenario. In fact, when the case was filed, the Debtor's lender viewed it as an almost certain liquidation, initially contesting cash collateral use. With the assistance of K&L Gates the Debtor was able to reorganize and not only provide unsecured creditors with a 20% recovery, but also either pay in full or assume all of its priority and secured debts.

Additionally, throughout this Chapter 11 Case, K&L Gates assisted the Debtor with (i) obtaining continued use of cash collateral; (ii) ensuring that their employees continued to receive regular paychecks and benefits; (iii) extending the automatic stay to the Debtor's principal; (iv) responding to inquiries from the Debtor's creditors regarding general business operations during the pendency of the bankruptcy cases. Most importantly, K&L Gates was able to assist with effectuating the Debtor's Plan.

The foregoing services benefited the bankruptcy estate and, as such, the compensation and reimbursement of expenses requested herein are reasonable and should be allowed.

## REQUEST TO SHORTEN AND LIMIT NOTICE

Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of a request for compensation shall be given to the debtor, the trustee, all creditors, and indenture trustees if that

request exceeds $1,000.00. The Debtor submits that notice here should be limited to (a) the Office of the United States Trustee for Region 11, Dirksen Federal Courthouse, 219 South Dearborn Street, Room 873, Chicago, Illinois 60604, Attn: Roman Sukley; (b) counsel to Regions Bank; (c) the Debtor's largest twenty unsecured creditors, as identified in its chapter 11 petition; and (d) all parties requesting service of pleadings filed in this case. Under the circumstances here, no further notice of the relief requested herein should be required in light of the fact that the Debtor's creditors will not be harmed by the relief requested herein as they will receive the amounts set forth in the Plan, and will not be affected by the amounts requested in this Application. Thus, it would be burdensome and costly for the Debtor to provide notice to all creditors in this case.

Similarly, no parties will be harmed by shortening the notice period to 8 days. The Debtor has also filed a motion for a final decree that is set for hearing on September 22, 2010. Ultimately, the Debtor hopes to resolve all open issues at the hearing on September 22, 2010 and close these the bankruptcy case on such date.

In light of the nature of the relief requested, the Debtors submit that the notice requested and provided is sufficient.

**WHEREFORE**, K&L Gates respectfully requests that the Court enter an order:

(a) allowing K&L Gates $256,333.00[1] in final compensation for the Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code;

(b) allowing K&L Gates $12,965.91[2] in final reimbursable expenses for the Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to section 503(b) and 507(a)(2) of the Bankruptcy Code;

(c) authorizing payment to K&L Gates in the amount of $81,817.00 in reasonable and necessary fees and $3,137.36 in actual expenses for the period of May 1, 2010 through August 5, 2010 (the effective date of the Debtor's Plan); and

(d) granting such other and further relief as this Court deems just and proper.

Dated:  September 14, 2010                         Respectfully submitted,

                                                    Champion Manufacturing Industries, Inc.

                                                    /s/ Matthew E. McClintock

                                                    Matthew E. McClintock (No. 6280574)
                                                    Sarah H. Bryan (No. 6292467)
                                                    K&L Gates LLP
                                                    70 West Madison Street, Suite 3100
                                                    Chicago, Illinois 60602-4207
                                                    Telephone:  (312) 372-1121
                                                    Facsimile:  (312) 827-8000

---

[1] This total represents $265,127.00 (the total value of the services provided by K&L Gates professionals during the application period) less $8,174,00 (the amount of fee reductions set forth in prior orders of this Court granting prior interim fee applications).

[2] This total represents $13,664.94 (the total amount of actual expenses incurred by K&L Gates during the application period) less $699.03 (the amount of expense reductions set forth in prior orders of this Court granting prior interim fee applications).