**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CHAMPION MANUFACTURING ) | Case No. 09-22027 |
| INDUSTRIES, INC., ) | |
| ) | Honorable Eugene R. Wedoff |
| Debtor. ) | |
| ) | Hearing Date: Sept. 23, 2010 at 9:30 a.m. |

**SUPPLEMENT TO FINAL FEE APPLICATION OF K&L
GATES LLP AS COUNSEL TO THE DEBTOR**

K&L Gates LLP ("*K&L Gates*"), counsel to the above-captioned debtor (the "*Debtor*"), hereby submits this Supplement (the "*Supplement*") to its *Final Fee Application of K&L Gates LLP as Counsel to the Debtor* [Docket No. 234] (the "*Application*"), relating to services rendered and expenses incurred from June 17, 2009 through August 5, 2010 (the "*Application Period*"), and in support hereof, K&L Gates respectfully states as follows:

**SUPPLEMENT**

At the initial hearing on the Application on September 22, 2010, the Court issued findings of fact and conclusions of law (the "*Findings*") that proposed to reduce the fees requested in the Application by $3,534.80 and the expenses requested by $1,618.87. As many or all of the reductions related to items that were not sufficiently described, the Court invited K&L Gates to provide a supplement, and the Application was continued to September 23, 2010 at 9:30 a.m. K&L Gates hereby supplements the Application as follows to address certain of the issues raised in the Findings.

  A.  **Expenses**

In the Findings, the Court questioned (i) $1,000 in copying costs associated with the solicitation of the Debtor's Plan (because K&L Gates did not properly explain the basis of the charge and the per-page amount charged for the copying) and (ii) $618.87 in Lexis and Westlaw

E-486257 v1

electronic research charges (because the Court believed these charges might constitute "overhead").

With respect to the copying expenses, K&L Gates specifically used an outside vendor to minimize costs in connection with the solicitation of the Debtor's Plan, and to ensure that the per-page copying cost was $0.10 per page (as opposed to the higher rate K&L Gates charges for duplicating internally). Each solicitation package was exactly 100 pages (50 when printed double-sided to reduce postage costs), and K&L Gates had 100 copies (the vast majority of the solicitation packages) produced by the outside vendor at $0.10 per page, resulting in the $1000 fee. *See* e-mail correspondence attached hereto as Exhibit A. K&L Gates respectfully submits that the copying cost was both necessary and reasonable and should be approved.

K&L Gates also respectfully submits that the $618.87 it incurred in electronic research charges should also be approved. K&L Gates maintains accounts with both Westlaw and Lexis, and with each service, K&L Gates is charged assigned fees for particular research tasks (e.g. searching a database or retrieving a document). At the end of each month, K&L Gates then receives a percentage discount on these charges based on its overall use (thus, by way of example, if a particular search ordinarily costs $100, and K&L Gates receives a 10% usage discount, the bill for the research at issue would be $90).

These charges represent actual out of pocket costs that are unique to each client (as opposed to secretarial costs or other typical overhead expenses), and as a result K&L Gates routinely charges its clients for the actual (discounted) costs incurred. To ensure that research tasks are properly matched with the appropriate client, whenever a K&L Gates professional signs in to Lexis of Westlaw, the professional is required to key in a client and matter number to denote the particular client for whom the research is being conducted.

In the present case, the $618.87 in research expenses was necessary to the proper representation of the Debtor, was specifically incurred on behalf of the Debtor, and K&L Gates is only seeking reimbursement for the actual (discounted) amount that it was billed for the research conducted. Accordingly, K&L Gates respectfully requests that the research charges are reasonable and necessary and should be approved.

## B. Fees

Other than as set forth in the chart below, K&L Gates consents to the reductions set forth in the Findings (among other things, K&L Gates has not addressed any proposed reduction of less than $100.00).

| DATE AND TIMEKEEPER | ENTRY AT ISSUE | AMOUNT OF PROPOSED REDUCTION | BASIS OF OBJECTION AND K&L GATES POSITION |
|---|---|---|---|
| 5/20/10, HJG | Multiple e-mail correspondence regarding disclosure statement hearing (0.2) | $116.00 | Insufficient Description. K&L Gates agrees that this entry could have been described better, but it relates to an e-mail exchange regarding settlement discussions with one of the Debtor's main creditors, amending the Plan, and timing issues relating to the upcoming disclosure statement hearing. K&L Gates had minimal partner involvement in this case, and respectfully submits that the fees at issue should be approved. |
| 5/25/10, SB | E-mail correspondence to various parties regarding implementation of plan, establishment of new LLCs, and transfer of property (0.4) | $114.00 | Insufficient Description. K&L Gates agrees that this entry could have been described better, but it was time spent reaching out to various other professionals at K&L Gates (associates in the real estate and corporate departments) to get them started on certain transactions that were needed to allow the Plan to go effective. K&L Gates respectfully submits |

| | | | |
|---|---|---|---|
| | | | that the fees at issue should be approved. |
| 5/26/10, MEM | Work on revising plan and disclosure statement and associated documents and discussions with client, financial advisor, and parties-in-interest concerning same (5.1) | $118.70 | Lumping. This should really read as follows:<br><br>Work on revising plan and disclosure statement (2.1); draft and revise plan settlement agreement (1.8); draft and revise guaranty (0.5); discussions with client and financial advisor concerning terms of settlement and plan issues (0.3); negotiations with Majestic Steel concerning settlement terms (0.4)<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 6/24/10, MEM | Work on preparing for effective date (0.5) | $185.00 | Insufficient Description. This should really read as follows:<br><br>Discussions with financial advisor regarding financial projections and projected amount of borrowing needed to cause effective date to occur (0.3); multiple email correspondence with bank counsel same (0.2)<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 6/28/10, MEM | Address numerous issues related to upcoming confirmation hearing and effective date (including multiple discussions with financial advisor, counsel to Regions, and working group) (4.7) | $173.90 | Lumping. This should really read as follows:<br><br>Discussions with counsel to Regions regarding insurance proceeds, probable paydown, and implications for plan financing (0.9); conference with financial advisor regarding same (0.4); multiple follow-up email correspondence with financial advisor regarding same (0.6); |

448947/E/1 4

| | | | |
|---|---|---|---|
| | | | investigate and confirm validity and priority of bank's security interest in the proceeds (2.8) |
| | | | As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 7/8/10, HJG | Multiple e-mail correspondence regarding plan confirmation hearing and related issues (0.2) | $116.00 | Insufficient Description. This was email correspondence between Mr. Goldstein and others involved in the case concerning plan confirmation issues. K&L Gates respectfully submits that the time entry sufficiently describes the activity and the fees at issue should be approved. |
| 7/20/10, MEM | Prepare for conference call regarding effective date issues (0.3); attend same (0.4) | $259.00 | Insufficient Description. This was a call with the Debtor's CFO regarding numerous inquiries concerning post-emergence payroll, books and records, and related practical and business issues. As supplemented, K&L Gates respectfully submits that the fees at issue should be approved. |
| 7/26/10, SB | Review multiple emails regarding plan documentation and going effective (0.4) | $114.00 | Insufficient Description. Sarah Bryan was instrumental to causing the effective date to occur. It was important that she was familiar with the Greenfield loan negotiations, so she quickly reviewed the email negotiations and attached redlines. As supplemented, K&L Gates respectfully submits that the fees at issue should be approved. |
| 7/26/10, MEM | Review and revise Greenfield loan documents (and negotiations with opposing counsel) (4.1) | $151.70 | Lumping. This should really read as follows: Review and revise Greenfield loan documents (3.5); negotiations with opposing counsel (0.6) As amended, K&L Gates respectfully submits that the fees at issue should be approved. |

448947/E/1            5

| | | | |
|---|---|---|---|
| 7/28/10, BFH | Revise industrial lease, condominium lease and landlord waiver (3.7) | $105.45 | Lumping. This should really read as follows:<br><br>Revise industrial lease (1.4); revise condominium lease; (1.1) revise landlord waiver (1.2)<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 7/28/10, MEM | Work on preparations for effective day, including lender negotiations and corporate issues (8.7) | $321.90 | Lumping. This should really read as follows:<br><br>Follow-up on issues related to new equity financing (0.3); revise Greenfield loan agreement and rider (2.8); email correspondence to Greenfield counsel re: same (0.3); follow-up with Patrina Jones regarding corporate formation issues (0.4); e-mail correspondence to client and financial advisor concerning receivable borrowing base and lender negotiations (0.3); revise and revise Greenfield Note (1.7); email correspondence to Greenfield counsel re same (0.2); e-mail correspondence with Steve Wallace concerning insurance proceeds and status (0.3); telephone call with Mike Lax regarding same (0.2); review borrowing and drawing resolutions (0.7); review and forward title policies (0.4); review leases for properties and forward to lenders (0.6); discussions with accountant regarding tax treatment issues (0.5)<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 7/30/10, BFH | Closing preparations (0.5) | $142.50 | Insufficient Description. This should really read as follows:<br><br>Review Regions mortgage |

448947/E/1

6

| | | | |
|---|---|---|---|
| | | | received from lender (0.3); draft email correspondence summarizing issues and comments to same (0.2)<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 7/30/10, MEM | Work on Regions loan documents and other pre-effective date issues (4.7) | $173.90 | Lumping. This should really read as follows:<br><br>Revise Regions loan documents (3.7); follow-up on environmental issues to alleviate any concerns from bank; (0.3); review and forward operating agreements for execution (0.2); address discrepancy in Greenfield loan documents (additional signature required) and coordinate with Joan Lax regarding execution (0.5)<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 8/2/10, BFH | General closing preparations (.8) | $228.00 | Insufficient Description. This should really read as follows:<br><br>Revise and circulate escrow instructions for closing (0.6); email correspondence to lender's counsel re: title issues (0.2);<br><br>As amended, K&L Gates respectfully submits that the fees at issue should be approved. |
| 8/4/10, MEM | Finalize documents with Greenfield to allow Plan to go effective (and address numerous related closing issues and contingencies ) (5.9) | $227.15 | Lumping. This should really read as follows:<br><br>Coordinate with Financial advisor regarding available cash and other issues impacting funding amounts for closing (the next day) (0.4); multiple email correspondence with lenders regarding same (0.6); dry close |

448947/E/1

7

|  |  |  | with lenders (4.9) |
|---|---|---|---|
|  |  |  | As amended, K&L Gates respectfully submits that the fees at issue should be approved. |

If the Court allows the copying and research expenses for the reasons set forth above, and also allows the above-discussed fees based on the supplemental information provided, the Application would be reduced by $987.60 (as opposed to the amounts set forth in the Findings). K&L Gates has attached as <u>Exhibit B</u> a proposed order which reflects this reduction, and can submit an alternative order immediately following the hearing on September 23, 2010 if needed.

Dated: September 22, 2010

Respectfully submitted,

Champion Manufacturing Industries, Inc.

/s/ Matthew E. McClintock

Matthew E. McClintock (No. 6280574)
Sarah H. Bryan (No. 6292467)
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000